# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTHA BARKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-10-1236-HE |
| ) | |
| DAVID JAMES, ET AL., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff Martha Barkley sued David James and James Performance Horses, LLC, seeking to recover for injuries she allegedly sustained when she was thrown from a horse defendants sold plaintiff's daughter. Defendants filed a motion to dismiss for failure to state a claim, contending the amended complaint lacks sufficient factual allegations to satisfy the pleading standard set forth by the Supreme Court in Ashcroft v. Iqbal, ___ U.S. ___ (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). A hearing on the motion was held March 9, 2011.

The amended complaint alleges that plaintiff's daughter purchased a horse from defendants and that defendants were advised that the horse was being purchased for the purchaser's daughter (i.e. the granddaughter of plaintiff) who was a young and inexperienced rider and that the horse needed to be trained and fully broken to ride. The complaint further alleges that, after receiving this information, defendants specifically recommended the horse that was sold. It further states that plaintiff, an experienced rider, rode the horse on January

1, 2010,[1] that she was the first person to ride the horse since its sale, and that the horse began behaving "extremely erratically," throwing plaintiff. Plaintiff alleges she suffered significant and permanent injuries as a result.

The sole claim asserted by plaintiff is one sounding in negligence. Neither party has pointed to any Oklahoma authority directly addressing the question of whether a seller of a horse owes a duty of care to someone in plaintiff's situation.[2] Defendant argued at the hearing that finding liability in such a situation is inconsistent with the provisions of the Oklahoma Livestock Activities Liability Limitation Act, 76 Okla. Stat. §§50.1 et seq. That act generally eliminates liability for livestock professionals and others, acting in good faith, for injuries to persons injured in livestock-related activities where the injuries result from the inherent risks of such activities. It is not altogether clear that the Act applies to discrete, single horse sales, such as is involved here. Other limitations may also apply.[3] In any event, on the very limited submissions to date,[4] the court concludes the Act does not preclude liability in the circumstances alleged here.

---

[1]*The complaint does not identify the date of sale and it is unclear what period of time elapsed between the sale and the date plaintiff rode the horse.*

[2]*The briefs of the parties did not focus on the question of whether a duty of care exists in this circumstance and focused largely on the general pleading standards set out in Twombly and Iqbal.*

[3]*The Act includes "livestock sales" within the scope of those "livestock activities" it addresses, but in the context of livestock shows, fairs, parades, and other such events. 76 Okla. Stat. §50.2(4)(a). The Act also states that it does not limit liability arising "under liability provisions as set forth in the products liability laws ...," §50.3(B)(3), and includes other limitations where a defendant fails to make a reasonable effort to determine the ability of a "participant" to manage the livestock.*

[4]*Neither party's brief addressed the Act, which was mentioned only at the hearing.*

2

In the absence of any Oklahoma authority squarely on point, and relying only on general principles of negligence law, the court concludes the complaint states a claim sufficient to avoid dismissal at this preliminary stage. Neither party's brief analyzes the various negligence principles in any meaningful way. However negligence law recognizes that one not owing a duty to another in general may nonetheless assume such a duty in particular circumstances. *See generally* Lowery v. Echostar Satellite Corp.*,* 160 P.3d 959, 965-66 (Okla. 2007) (discussing application of good Samaritan rule). Here, plaintiff alleges that defendants sold the horse under circumstances where they knew the specific needs and circumstances of the intended user. In these circumstances, there is a plausible argument that defendants owed a duty of care to plaintiff, as a person who could forseeably be injured by defendant's negligent failure to provide plaintiff's daughter with a horse suitable for a novice rider. *See* Delbrel v. Doenges Bros. Ford, Inc., 913 P.2d 1318, 1322 (Okla. 1996) ("[O]ne who is paid to repair a car owes a duty of care to both the owner of the car and to the general public to assure that the repair is properly performed or the owner is warned of its dangerous condition, where the dangerous condition is discoverable in the exercise of ordinary care."); *see generally* Lowery*,* 160 P.3d at 964 ("[A] person owes a duty of care to another person whenever the circumstances place the one person in a position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person.").

Accordingly, defendants' motion to dismiss [Doc. #16] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of March, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE